# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO: 3:04-CV-487

| | | |
|---|---|---|
| **AFFIRMATIVE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **FRANK RAY EASON, JR. and SHERRY** | ) | |
| **ANN WILES EASON,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Affirmative Insurance Company's ("Plaintiff") written request (Document No. 34) dated September 7, 2006, that the Court issue an Order compelling the production of documents sought in its February 6, 2006 subpoena. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for review.

Having carefully considered the proposed action, the record, and the applicable authority, the undersigned will <u>grant</u> Plaintiff's request.

## I. FACTUAL AND PROCEDURAL HISTORY

This is an action seeking declaratory judgment pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff believes it has no liability to Frank Eason or Sherry Eason ("Defendants") with respect to their fire loss claim under the policy of homeowners' insurance issued by Plaintiff to Defendants on or about March 6, 2002.

Relevant to the requested Order, Plaintiff issued a subpoena to Christine Ollis of the Union County Department of Social Services dated February 6, 2006. The subpoena sought the following

documents and things:

1. Any and all documents, including but not limited to transcripts of interviews, intake forms, correspondence, memos, notes, evaluations, site inspection reports, recommendations and actions taken by your department with regard to Frank Eason . . . and Sherry Eason . . . and/or their child Chris Eason.

2. Any and all documents, including but not limited to transcripts of interviews, intake forms, correspondence, memos, notes, evaluations, site inspection reports, recommendations and actions taken by your department with regard to Wanda Samoisette . . . and/or her children Eric Finney, Sara Finney, Leah Raben, and Brandy Estridge.

After service of the subpoena, counsel for Plaintiff was contacted by Dale Ann Plyler, Esq., counsel for the Union County Department of Social Services informing Plaintiff's counsel of an internal policy of withholding records that are deemed confidential pursuant to North Carolina General Statute § 7B-2901. She further informed Plaintiff's counsel that the requested Social Service files would only be produced upon an Order of this Court compelling the production of these Social Services files. Mrs. Plyler indicated that she would not oppose efforts for such an Order as long as certain restrictions were imposed.

There is no objection in the record to the subpoena at issue by Defendants.

## II. DISCUSSION

Rule 45(c)(2)(B) provides that

a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection of copying of any or all of the designated materials . . . . If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been

made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.

Based on information and belief that Defendants have not objected to the production of the documents requested by Plaintiff's February 6, 2006 subpoena, and recognizing the restrictions suggested by counsel for Union County Department of Social Services, the undersigned will grant  Plaintiff's request (Document No. 34).

## III.  ORDER

**IT IS, THEREFORE, ORDERED**:

1.  Plaintiff's request (Document No. 34) is hereby **GRANTED**.

2.  The Union County Department of Social Services shall produce the records, or copies thereof,  requested in the subpoena served on February 6, 2006, directly to counsel for Plaintiff within thirty (30) days of the date of this Order.

3.  The records shall remain confidential except as necessary to carry out the trial of this matter.

4.  The records produced for the Court shall remain in a sealed envelope and shall not be reviewed by any person other than the parties to this action or the parties' attorneys.

5.  Violation of this Order shall be punishable as for contempt.

Signed: September 21, 2006

David C. Keesler
United States Magistrate Judge