# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:04-cv-00487-W

| | |
|---|---|
| AFFIRMATIVE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRANK RAY EASON, JR., and )<br>SHERRY ANN WILES EASON, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Enforce Judgment (Doc. No. 82), filed May 21, 2007; Defendants' "Motion for Leave to File Excess Pages" (Doc. No. 84), filed June 11, 2007; and a Petition for Leave to Intervene and Motion for Distribution of Proceeds filed by Wachovia Bank, National Association, ("Wachovia") (Doc. No. 85), filed June 12, 2007; Defendants' Response to Motion to Intervene and Memorandum of Law in Support (Doc. No. 87), filed June 27, 2007; Wachovia's Affidavit in Support of Petition for Leave to Intervene (Doc. No. 88), filed June 28, 2007; and Defendants' Affidavit of Daniel J. Clifton (Doc. No. 89), filed July 2, 2007. Plaintiff telephonically informed the Court that it did not intend to respond to Defendant's motion. Having considered the documents submitted by Defendants and Wachovia, as well as applicable case law, the Court will GRANT Defendants' Motion to Enforce Judgment, DENY AS MOOT Defendants' Motion for Leave to File Excess Pages, and DENY Wachovia's Motion to Intervene and for Distribution of Proceeds.

Plaintiff filed the above-captioned case seeking declaratory relief by asking the Court to decide whether Plaintiff, an insurance company, was obligated under an insurance policy held by Defendants for damages to Defendants' home and personal property following a fire. On January 25, 2007, a jury decided the case in favor of Defendants and awarded them approximately $6,500 in damages for contents to the home and approximately $40,000 for damage to the structure. Plaintiff subsequently delivered two checks to Defendants' counsel: (1) a $6,500 check made payable to both Defendants and their counsel in satisfaction of the jury's award for damage to personal property; and (2) a $40,000 check made payable to both Defendants, their counsel, and Wachovia Bank in an attempt to satisfy the jury's award for damage to the dwelling on the property.

According to Wachovia, Wachovia holds a deed of trust on the insured property, secured by a promissory note, for approximately $35,822.18. Defendants dispute the validity of the deed of trust and assert the debt is invalid because the promissory note is unsigned. As a result, Defendants contend the deed of trust held by Wachovia is unenforceable and request this Court to order Plaintiff to reissue the check for $40,000 made payable to only Defendants and their counsel. On the other hand, Wachovia asserts a lien on the insurance proceeds and moves this Court to permit Wachovia to intervene, and ultimately, resolve the issue of whether Wachovia holds a valid deed of trust such that Wachovia is the rightful owner of a portion of the insurance proceeds.

Because a ruling on Wachovia's motion impacts Defendants' motion to enforce the judgment, the Court will first consider Wachovia's motion to intervene as a matter of right. Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention of right when "the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability

to protect that interest, unless the applicant's interest is adequately represented by existing parties." See also Virginia v. Westinghouse Electric Corp., 542 F.2d 214, 216 (4th Cir. 1976). Rule 24(a)(2) requires "timely application" in order for the Court to permit intervention.

Whether a motion to intervene is timely is an issue addressed to the sound discretion of the trial court and its resolution will depend on the circumstances of the case. Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989); see also NAACP v. New York, 413 U.S. 345, 365 (1973). Here, Wachovia delayed in filing its motion to intervene until four months after the filing of the judgment and almost two and a half years after the filing of the Complaint. Motions to intervene made after judgment has been rendered are disfavored and are granted only after a finding of extraordinary and unusual circumstances or upon a strong showing of entitlement and justification. United States v. Associated Milk Producers, Inc., 534 F.2d 113, 116 (8th Cir. 1976) (citations omitted). Thus, mere passage of time is but one factor to be considered in light of all the circumstances. Spring Const. Co., Inc. v. Harris, 614 F.2d 374, 377 (4th Cir. 1980) (citing Atkins v. State Board of Education, 418 F.2d 874 (4th Cir. 1969)).

In addition to timeliness, this Court must give consideration to: the status of the case; the unfairness or prejudice to the existing parties; the reason for the delay in moving for intervention; the resulting prejudice to the applicant if the motion is denied; and any unusual circumstances. Gould, 883 F.2d at 284; see also Culbreath v. Dukakis, 630 F.2d 15, 20 (1st Cir. 1980); NAACP v. New York, 413 U.S. 345, 364-69 (1973) (reviewing denial of a motion to intervene on the basis of four factors: (1) the length of time the petitioner knew or should have known of the pendency of the suit; (2) the promptness with which the petitioner acted once aware of the suit; (3) unusual

3

circumstances warranting intervention; and (4) unusual circumstances weighing against intervention.).

As noted above, Wachovia delayed in filing its motion to intervene until several months after the entry of judgment and years after the filing of this action. Wachovia argues its delay is excusable because it was not made aware of the action until on or about February 1, 2007, several days after judgment was entered.[1] Nonetheless, Wachovia offers no excuse for why Wachovia did not promptly move to intervene once it was informed of the judgment for Defendants back in early February. Further, Wachovia offers no explanation as to why it should not have reasonably known of the pendency of ths suit. The Court finds it peculiar that Wachovia was unaware (for at least two and a half years) that the dwelling had burned, particularly if, in fact, there was a default on the mortgage. The deed of trust held by Wachovia requires that fire insurance be maintained on the property. Had Wachovia carefully monitored the property upon default, it would have been aware that the dwelling had burned and could have promptly intervened to recover under the fire insurance policy pursuant to the purported deed of trust. Moreover, had Wachovia diligently monitored the property's status and that of its owners, Wachovia would have been on notice regarding the dispute over the insurance contract and would have been aware of the litigation concerning the dispute.

---

[1] Wachovia submitted an affidavit stating that Wachovia was unaware of Defendants' Motion to Enforce Judgment until May 24, 2007. (Doc. No. 88). Notice of this document is of no consequence here, because it is irrelevant when Wachovia became aware of Defendants' motion. Instead, the more appropriate consideration is when did Wachovia become aware (or reasonably should have been aware) of the underlying action. Gould, 883 F.2d at 284; see also Culbreath, 630 F.2d at 20; NAACP v. New York, 413 U.S. at 364-69. Furthermore, counsel for Defendants has presented substantial evidence to establish that Wachovia's own employee, Jim Ermin, was aware of the action on at least February 2, 2007. See Doc. No. 89. Accordingly, the Court finds Wachovia's affidavit regarding notice of the Motion to Enforce Judgment to be irrelevant to the issues and motions now before the Court.

4

Accordingly, the Court finds that Wachovia should have reasonably known about the lawsuit well before the filing of the motion to intervene.

Further, the Court is not persuaded that Wachovia's motion, filed over four months after learning of the judgment, was promptly filed. Wachovia offers no justifiable excuse for the tardy filing of the motion. Its explanation that it was not served with the motion to enforce the judgment does not weigh in favor of allowing intervention at this stage in the litigation. Wachovia was not a party to the lawsuit, and thus, defense counsel was not required to serve it with the motion to enforce the judgment. Nonetheless, defense counsel has demonstrated to the Court that he attempted to contact Jim Ermin with Wachovia to discuss the alleged deed of trust on Defendant's property on February 2, 2007. (Doc. No. 89, Exhibits A, B, & C). Wachovia, however, never responded to defense counsel's telephone call, nor does it offer any explanation for failing to contact defense counsel. Had Wachovia promptly responded to defense counsel's voice mail, it would have known about the dispute over the proceeds and could have filed a motion to intervene at that time.

Finally, Wachovia does not present any unusual circumstances warranting intervention at this late juncture. Wachovia's argument that it will suffer "irreparable harm" is wholly without merit. If in fact the deed of trust is valid, Wachovia may seek a remedy through appropriate foreclosure proceedings or through appropriate enforcement proceedings in state court. If an issue as to the validity of the deed of trust exists, which it so appears, Wachovia has the opportunity to seek declaratory or other relief through the state courts. The federal court is not the appropriate forum to resolve the dispute over the proceeds, particularly in light of the lack of diversity between the parties and the fact the amount in controversy is less than $75,000. See 28 U.S.C. § 1332. For these reasons, Wachovia's motion to intervene is DENIED.

Turning to Defendants' Motion to Enforce Judgment, for the reasons stated above, the Court is not the appropriate body to determine the validity of the deed of trust and promissory note, nor is it the proper place to resolve the ultimate issue of whether Wachovia is entitled to a portion of the insurance proceeds. Instead, as noted above, it appears the state court has jurisdiction to resolve that issue. Accordingly, the Court will grant Defendants' motion, order defense counsel to promptly return the original check issued by Plaintiff, and order Plaintiff to reissue a check in satisfaction of the judgment made payable solely to Defendants and their counsel. The Court, however, finds it prudent to note for the record that Comment 14 to Rule 1.15-3 of the North Carolina Rules of Professional Conduct provides some direction for both Defendants and Wachovia in this matter. Comment 14 states:

> Third parties may have lawful claims against specific funds or other property in a lawyer's custody, such as a client's creditor who has a lien on funds recovered in a perosnal injury action. A lawyer may have a duty under applicable law to protect such third-party claims against wrongful interference by the client. In such cases, when the third-party claim is not frivolous under applicable law, the lawyer must refuse to surrender the property to the client until the claim is resolved. A lawyer should not unilaterally assume to arbitrate a dispute between the client and the third party, but, when there are substantial grounds for dispute as to the person entitled to the funds, the lawyer may file an action to have a court resolve the dispute.

Although the Court expressly declines to rule on the validity of the deed of trust and promissory note, and whether Wachovia is entitled to any portion of the insurance proceeds, in light of the foregoing Comment, the Court expressly encourages Defendants, defense counsel, and Wachovia to mutually resolve any dispute in accordance with applicable law.

IT IS, THEREFORE, ORDERED that Wachovia's Motion to Intervene (Doc. No. 85) is DENIED and Defendants' Motion to Enforce Judgment (Doc. No. 82) is GRANTED. Defense counsel is ORDERED to promptly return the check originally issued by Plaintiff in the amount of

$40,000.00, and Plaintiff is ORDERED to reissue a check for $40,000.00 made payable to Defendants and defense counsel. Defendants' "Motion for Leave to File Excess Pages" (Doc. No. 84) is DENIED AS MOOT because the Court finds it unnecessary to consider the additional pages submitted by Defendants.

    IT IS SO ORDERED.

                                Signed: July 3, 2007

*Frank D. Whitney*
United States District Judge